United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30818
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOHN GERMAINE JACKSON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20204
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges

PER CURIAM:*

    John Germaine Jackson was convicted by a jury of one count

of possession of a firearm by a convicted felon in violation of

18 U.S.C. §§ 922(g)(1) and 924(e).  Jackson was sentenced to 24

months of imprisonment and a two-year term of supervised release.

    This court will uphold a jury's verdict if a reasonable

trier of fact could conclude from the evidence that the elements

of the offense were established beyond a reasonable doubt.

United States v. Delgado, 256 F.3d 264, 273-74 (5th Cir. 2001).

The evidence, both direct and circumstantial, is viewed in the

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light most favorable to the jury's verdict; all credibility determinations and reasonable inferences are to be resolved in favor of the verdict. United States v. Resio-Trejo, 45 F.3d 907, 910, 911 (5th Cir. 1995).

At trial, Jackson stipulated that he is a convicted felon and that the firearm found at the scene was in, or affected, interstate commerce. Consequently, the only fact for the jury to decide was whether Jackson was in knowing possession of a firearm. See United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995). Jackson argues that the evidence was insufficient to convict him because none of the Government's witnesses testified that they saw him in possession of the firearm on the day of his arrest. Jackson also argues that there was no evidence that the area where the firearm was found could not have been accessed by the public, and contends that although the Government could have obtained fingerprint, DNA, or other forensic evidence, to link him to the firearm, it failed to do so.

Given the evidence, however, the jury could have drawn the plausible inference that Jackson had a gun in his possession and attempted to conceal it from police. See United States v. McCowan, 469 F.3d 386, 390-91 (5th Cir. 2006). Viewing the evidence in the light most favorable to the jury's verdict, a reasonable trier of fact could have concluded beyond a reasonable doubt that Jackson possessed the firearm. See United States v.

Delgado, 256 F.3d 264, 273-74 (5th Cir. 2001); Resio-Trejo, 45 F.3d at 910.

AFFIRMED.